UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY LEON SMITH, #726631,

                Plaintiff,

                                     CASE NO. 2:16-CV-12129
v.                                HONORABLE NANCY G. EDMUNDS

JOHN SKRYZYNSKI, et al.,

                Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

## I. INTRODUCTION

       This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Rickey Leon Smith ("Plaintiff"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, challenges his 2013-2014 state criminal proceedings, which occurred in Oakland County, Michigan.[1] Plaintiff names Oakland County prosecutor John Skrzynski, court-appointed defense counsel Jerome Sabbota, and Oakland County Circuit Court Judge Colleen O'Brien as the defendants in this action. He sues them in their individual and official capacities and seeks monetary damages. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action under 28 U.S.C. § 1915(a)(1).

_____

[1]Plaintiff was convicted of second-degree murder, armed robbery, felon in possession of a firearm, and three counts of felony firearm pursuant to a plea and was sentenced as a third habitual offender to 30 to 60 years imprisonment on the murder conviction, a concurrent term of 25 to 60 years imprisonment on the robbery conviction, a concurrent term of 3 to 10 years imprisonment on the felon in possession conviction, and concurrent terms of 2 years imprisonment on the felony firearm convictions, to be served consecutively to the other sentences. *See* Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=726631.

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While notice pleading does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions.  *Id*.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting

2

*Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that:  (1) he or she was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III.  DISCUSSION

#### A.  Challenge to State Criminal Proceedings

Plaintiff's complaint concerns his state criminal proceedings.  It is subject to summary dismissal because he fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement.  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id.* at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought

(damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

Plaintiff's claims concern the validity of his state criminal proceedings. If he were to prevail on those claims, his state criminal convictions and/or sentences and his continued confinement would be called into question. Consequently, Plaintiff's civil rights claims against all of the defendants are barred by *Heck* and his civil rights complaint must be dismissed.

### B.  Claims against Defense Counsel

Plaintiff names his criminal defense counsel, Jerome Sabbota, as one of the defendants in this action. It is well-settled, however that court-appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under 42 U.S.C. § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Because defense counsel is not a state actor subject to suit under § 1983, Plaintiff's claims against him must be dismissed for this additional reason.

### C.  Prosecutorial Immunity

Plaintiff names a state prosecutor, John Skryzynski, as a defendant in this action

and sues him in his individual capacity for damages.  Prosecutors, however, are entitled

to absolute immunity for conduct intimately associated with the judicial phase of the criminal

process.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288

F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43

(2009).   This immunity covers a prosecutor's actions in preparing and filing charging

documents, including requests for arrest warrants, *Kalina v. Fletcher*, 522 U.S. 118, 129

(1997), and the decision file a criminal complaint.  *Ireland v. Tunis*, 113 F.3d 1435, 1446

(6th Cir. 1997).  It even applies when a prosecutor acts wrongfully or maliciously.  *See

Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune

from suit for allegedly conspiring to present false charges to the grand jury).  The state

prosecutor is thus entitled to absolute immunity on any personal claim for damages arising

from his advocacy in Plaintiff's state criminal proceedings.

### D.  Judicial Immunity

Plaintiff names a state court judge, Colleen O'Brien, as a defendant in this action

and sues her in her individual capacity for damages.  Judges and judicial employees are

entitled to absolute judicial immunity on claims for damages.  *See Mireles v Waco*, 502 U.S.

9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from

suit seeking monetary damages even if acting erroneously, corruptly or in excess of

jurisdiction); *Lyle v. Jackson*, 49 F. App'x 492, 494 (6th Cir. 2002) (court clerks who did not

provide prisoner with copies of filings and transcripts were entitled to quasi-judicial

immunity); Moreover, the 1996 amendments to § 1983 extended absolute immunity for

state judges to requests for injunctive or equitable relief.  *See* 42 U.S.C. § 1983 ("in any

action brought against a judicial officer for an act or omission taken in such officer's judicial

5

capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006). Plaintiff's claims against the state court judge concern the performance of her judicial duties. Consequently, the judge is entitled to absolute judicial immunity and the claims against her must be dismissed for this additional reason.

### E. Eleventh Amendment Immunity

Plaintiff also sues the state prosecutor and the state court judge in their official capacities. Those defendants are entitled to sovereign immunity on claims against them in their official capacities. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The Michigan Supreme Court and its lower courts operate as arms of the state, and are thus entitled to the same sovereign immunity as the State of Michigan. *Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *Chambers v. Michigan*, No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases); *Brown v. Michigan Dep't of Corr., et al.*, No. 2:10-CV-12649, 2010 WL 5056195, *2 (E.D. Mich. Dec. 6, 2010). Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, and court clerks who

6

are sued in their official capacities. *Pucci*, 628 F.3d at 764; *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady*, 574 F.3d at 344); *Moore v. Michigan*, No. 13-11789, 2014 WL 1260702, *2-3 (E.D. Mich. March 27, 2014).  The state prosecutor and the state court judge are entitled to Eleventh Amendment immunity and the claims against them in their official capacities must be dismissed for this additional reason.

## IV.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted in his complaint, that defense counsel is not a state actor subject to suit in this action, and that the state prosecutor and the state court judge are entitled to immunity.  Accordingly, the Court **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  The Court further concludes that an appeal from this decision cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  June 13, 2016

7